a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KARAN PAL,<br>Petitioner | CIVIL ACTION NO. 1:20-CV-0011-P |
| VERSUS | JUDGE DEE D. DRELL |
| U.S. DEPARTMENT OF<br>HOMELAND SECURITY, *ET AL.*,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and a Motion for Temporary Restraining Order (ECF No. 2) filed by Karan Pal ("Pal") (A-203-676-320). At the time of filing, Pal was a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Correctional Center in Olla, Louisiana. ECF No. 8. Pal challenges the determination of an asylum officer, subsequently upheld by an immigration judge, that Pal not be allowed to apply for asylum in the United States.

Because this Court lacks jurisdiction to stay Pal's removal and adjudicate Pal's claims, the case should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I.  Background

Pal is a native and citizen of India. ECF. No. 1 at 2. Pal crossed the United States border at Calexico, California. ECF No. 8 at 2. Pal applied for asylum, but was denied relief following an interview with an asylum officer. ECF No. 1 at 4. Pal

sought review of the credible fear determination before an immigration judge, who upheld the finding. ECF No. 1 at 4.

## II. Law and Analysis

Pal challenges the denial of asylum and the rule barring asylum for those who arrive in the United States "'after transiting through at least one country outside the alien's country of citizenship.'" ECF No. 2 at 3. Pal asks that the Court "enjoin the immigration agencies from removing him . . . ." *Id.* at 4.

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5). Section 1252(e)(1) further limits review of an expedited removal order, providing that no court may enter "declaratory, injunctive, or other equitable relief" pertaining to an expedited removal order except as "specifically authorized in a subsequent paragraph of this subsection." *Id.* No subsequent paragraph of Section 1252(e)(1) specifically authorizes the Court to grant Pal injunctive relief.

In accord, the Fifth Circuit has routinely held that the REAL ID Act strips district courts of jurisdiction to consider requests for a stay of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (*per curiam*) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal.");

*Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (*per curiam*) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings."). And the Fifth Circuit has further clarified that – unless the petition containing a request for stay was pending on May 11, 2005, the date the Act was enacted – a district court should not transfer such a petition directly to an appellate court. *See, e.g., Castillo-Perales v. Holder*, 411 Fed.Appx. 695, 696 (5th Cir. 2011) ("[T]he district court could not have transferred Castillo's § 2241 petition to this court as a petition for review because the petition was not pending on May 11, 2005, the effective date of the Real ID Act."); *Mansoor v. Gonzales*, 188 Fed.Appx. 273 (5th Cir. 2006) ("Because Mansoor's § 2241 petition was not pending in the district court on May 11, 2005, the district court's transfer of the case to this court under the REAL ID Act was improper."). Therefore, dismissal without prejudice is the appropriate remedy. *See Philius v. McAleenan*, 19-CV-701, 2019 WL 4134287, at *1 (W.D. La. Aug. 29, 2019).

### III.  Conclusion

Because Pal's request for a stay of a removal order falls outside the boundaries of this Court's jurisdiction, IT IS RECOMMENDED that Pal's case be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond

to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE